UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBERLY JO FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00006-TWP-TAB |
| | ) | |
| INDIANA WOMEN'S PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

Kimberly Jo Fields's petition for a writ of habeas corpus challenges her disciplinary conviction in disciplinary case number IWP-1711-0198. Because the only sanction imposed against Ms. Fields was 20 days' loss of recreation privileges, *see* dkt. 6-2, the respondent has moved to dismiss the petition.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262

F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

The evidence produced by the respondent shows that Ms. Fields's disciplinary conviction did not result in the loss of good-time credits or a demotion in credit-earning class. Dkt. 6-2. Ms. Fields has not produced evidence to the contrary or otherwise contradicted the respondent's showing. Ms. Fields states that her conviction resulted in a change to her security classification that will make her ineligible to participate in programs that would help her earn an earlier release date. Dkt. 11 at 1–2. However, a sanction that results in the denial of a *future* opportunity to earn an earlier release through educational or other programming does not satisfy the "custody" requirement. *See Hadley v. Holmes*, 341 F.3d 661 (7th Cir. 2003); *Holleman v. Finnan*, 259 Fed. Appx. 878, 2008 WL 110982, *1 (7th Cir. 2008).

As such, the respondent's motion to dismiss, dkt. [6], is **granted**, and this habeas action is **dismissed for lack of jurisdiction**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/14/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KIMBERLY JO FIELDS
209020
Indiana Women's Prison
2596 Girls School Road
Indianapolis, IN 46214

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov